IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

BRICKSTREET MUTUAL INSURANCE
COMPANY, individually and as contractual
assignee of Big River, LLC, a West Virginia
Corporation,

        Plaintiff,

v.   CIVIL ACTION NO. 5:19-cv-00212

CHARTIS CASUALTY COMPANY, an
Illinois Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Chartis Casualty Company's ("Chartis") objections to the Order [Doc. 38] entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, granting Plaintiff BrickStreet Mutual Insurance Company's ("BrickStreet") Motion to Compel answers to its first set of interrogatories and request for production of documents, filed February 26, 2020. [Doc. 32].

I.

BrickStreet initiated this action on March 22, 2019. It seeks a declaration that Chartis is obliged to defend and indemnify Big River Mining, LLC ("Big River"). Big River is asserted to be an additional insured under an insurance policy issued to Coal Field Construction Company, LLC, for the case styled *Aaron Lively v. Big River Mining,* LLC ("underlying action").

The underlying action was pending at all relevant times in the Circuit Court of Wyoming County.[1] BrickStreet seeks equitable contribution, subrogation, or both, against Chartis, along with damages for breach of contract. [Doc. 1].

After the Scheduling Order was entered, BrickStreet served its First Set of Interrogatories and Request for Production of Documents to Chartis on October 24, 2019. [Doc. 18]. On November 12, 2019, the parties entered a Stipulation to Extend Deadline to Respond to Plaintiff's Discovery Requests, permitting Chartis to respond up to and including December 13, 2019. [Doc. 20]. On December 27, 2019, Chartis filed a certification it had mailed the responses. [Doc. 21].

On January 20, 2020, BrickStreet filed its Motion to Compel, asserting that Chartis' responses to its Request for Production Nos. 1-10 and 14 were deficient and nonresponsive. [Doc. 23]. BrickStreet's motion demands Chartis produce all contracts, applications, policies, files, and guidelines it issued to Mr. Lively's employer from 2008 through 2013 during the time he was employed and exposed to the dust that gave rise to the underlying action. On January 28, 2020, the Magistrate Judge held an informal telephone conference to discuss the issues raised in BrickStreet's motion; the parties were regrettably unable to resolve their differences.[2] [Doc. 27]. On February 3, 2020, Chartis responded in opposition to BrickStreet's Motion to Compel, and BrickStreet replied on February 10, 2020.

On February 12, 2020, Magistrate Judge Aboulhosn promptly entered an Order

---

[1] That underlying action involved an employee, Aaron Lively, diagnosed with pneumoconiosis and silicosis as a result of excessive exposure to coal and silica dust. BrickStreet settled Mr. Lively's claims against Big River. This action centers around whether Mr. Lively's last date of exposure fell within Chartis' coverage period.

[2] This is a common, commendable practice used by the Magistrate Judge to aid the parties in avoiding time-consuming and expensive discovery disputes that often serve little to advance the clients' ultimate interests.

1

("Discovery Order") overruling Chartis' objections to BrickStreet's discovery requests and granting BrickStreet's Motion to Compel. [Doc. 32]. On February 21, 2020, Chartis moved to stay the Discovery Order. [Doc 34]. The undersigned granted the stay pending disposition of Chartis' objections. [Doc 37]. Chartis timely objected to the Discovery Order on February 26, 2020. [Doc. 38]. On the same day, BrickStreet filed a Motion for Reasonable Attorneys' Fees for the costs associated with prosecuting its Motion to Compel and Reply as invited by the Magistrate Judge in his Discovery Order.[3] [Doc. 39]. On March 4, 2020, Chartis filed a Motion to Strike and/or Response in Opposition to BrickStreet's motion. [Doc. 40]. BrickStreet replied on March 9, 2020. [Doc. 41].

Chartis moves to strike BrickStreet's motion for fees as premature and in violation of the stay.[4] Specifically, Chartis contends that BrickStreet willfully violated the stay by seeking an award for attorney fees. Chartis asserts that BrickStreet should be sanctioned for its willful violation of the stay and ordered to compensate Chartis for its attorney fees incurred in responding to BrickStreet's motion.

BrickStreet replies that it did not intentionally violate the stay. It contends that inasmuch as Chartis' Motion to Stay only addressed the portions of the Magistrate Judge's Discovery Order directing it to produce certain documents, it reasonably believed that the deadline for its motion for fees remained in effect. Moreover, BrickStreet asserts that the stay did not extend to or otherwise address the previously imposed deadline for its fee request.

---

[3] The Court leaves the fee request for the Magistrate Judge in the first instance inasmuch as it pertains to a discovery-related matter.

[4] The Court will only address Chartis' Motion to Strike and/or Response in Opposition to BrickStreet's Motion as a Motion to Strike. As stated above, the merits of BrickStreet's fee request and any response thereto should be decided by the Magistrate Judge.

II.

A.      Governing Standard

Federal Rule of Civil Procedure 72(a) provides that when a magistrate judge adjudicates a non-dispositive pretrial matter, a party may object to that ruling within fourteen (14) days after being served with a copy of the decision. The district judge must then consider timely objections and "may modify or set aside any portion of a magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Berman v. Cong. Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 (D. Md. 2004) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F.Supp.3d 465, 479 (D. Md. 2014).

A court's "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court is nevertheless left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 365 (1948); *see also Harman v. Levin*, 722 F.2d 1150, 1152 (4th Cir. 1985). "The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes . . . should be afforded 'great deference.'" *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010); *see also Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005) (stating "substantial deference [is often given] to a magistrate judge in considering" a ruling on a non-dispositive motion.). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery

3

disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Matthews v. Island Operating Company, Inc.*, 2019 WL 313194, *2 (N.D.W. Va. Jan. 24, 2019) (citing *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982); *Shoop v. Hott*, 2010 WL 5067567, *2 (N.D.W. Va. Dec. 6, 2010)).

**B.     Analysis**

Chartis objects to the Magistrate Judge's conclusion that BrickStreet's Request for Production Nos. 1-10 and 14 "are relevant, sufficiently tailored to the issues concerning this civil action, and are proportional to the needs of the case."[5] [Doc. 32 at 5]. The majority of Chartis' objections in this regard, however, appear to hinge on the contention that BrickStreet failed to demonstrate that the requested documents are relevant. Chartis thus suggests the Magistrate Judge's conclusion is clearly erroneous inasmuch as it was based on BrickStreet's "empty" assertions. The contention is meritless. First, Chartis' objections are no more than reassertions of the same positions it already espoused before the Magistrate Judge. "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consolidated Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

Second, Chartis fails to acknowledge that "'the party resisting discovery bears the burden of showing [why the discovery requests] should not be granted.'" *Brey Corp v. LQ Mgt., LLC*, 2012 WL 3127023, *4 (D. Md. July 26, 2012) (quoting *Clere v. GC Services, L.P.*, 2011 WL

---

[5] Chartis briefly describes BrickStreet's Request No. 14 as seeking "proprietary documents that may contain highly sensitive business information." The Court notes, however, that an Agreed Protective Order was entered on February 25, 2020. [Doc. 36]. Moreover, "there is no blanket privilege during discovery for proprietary information or trade secrets." *Columbian Chemicals Company v. AIG Specialty Insurance Company*, 2015 WL 12755711, *4 (N.D.W. Va. Sept. 18, 2015.

2181176, *2 (S.D.W. Va. June 3, 2011)). Chartis was thus required to demonstrate below why BrickStreet's production requests should be denied. The Magistrate Judge thoroughly considered both parties' arguments pertaining to the disputed discovery by holding an informal telephone conference and combing the record. During the informal telephone conference, the Magistrate Judge cautioned Chartis that its objections were predicated on outdated discovery standards. Nevertheless, Chartis relied on the same outdated discovery standards in its response to BrickStreet's Motion to Compel. As noted, the Magistrate Judge overruled Chartis' objections and concluded that the disputed discovery was relevant and proportional inasmuch as BrickStreet's requests "concern only a single insured for a finite period." [Doc. 32 at 5].

Chartis continues to rely on the same outdated discovery standard, citing case law to support its argument that BrickStreet failed to show that its requests are relevant because they "are not reasonably calculated to lead to discovery of admissible evidence." As patiently pointed out by the Magistrate Judge, the 2015 amendments to Rule 26(b)(1) eliminated the standard to which Chartis holds fast. The question is no longer whether the discovery sought is "reasonably calculated to lead to the discovery of admissible evidence;" rather, the inquiry is whether the discovery is "relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. Rule 26(b)(1). "Thus, just as a statute could effectively overrule cases applying a former legal standard, the 2015 amendment effectively abrogated cases applying a prior version of Rule 26(b)(1)." *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016).

Accordingly, there is no basis to disturb the Magistrate Judge's Discovery Order. He found the disputed discovery to be relevant to BrickStreet's claim and proportional to the needs of the case. That conclusion was correct.

5

III.

Chartis attempts to strike the entirety of BrickStreet's motion for fees as premature and in violation of the stay. While it is unclear whether a motion to strike is the proper way to challenge BrickStreet's motion for fees under these circumstances, the Stay Order entered herein was quite narrow: "For reasons appearing to the Court, it is **ORDERED** that AIG's motion to stay [Doc. 34] be **GRANTED** and the February 12, 2020, Order [Doc. 32] be **STAYED** pending the Court's ruling on AIG's objections to the same." [**Doc. 37**]. The Court does not detect a violation of the Stay Order. Nor does the Court deem the filing susceptible to the extraordinary remedy of a striking order.

IV.

Based upon the foregoing discussion, the Court **OVERRULES** Chartis' objections [**Doc. 38**], **DENIES** Chartis' Motion to Strike and/or Response in Opposition to BrickStreet's Motion [**Doc. 40**], and **ORDERS** that the stay of the Magistrate Judge's Discovery Order be **LIFTED** [**Doc. 37**]. The Magistrate Judge may proceed with BrickStreet's Motion for Reasonable Attorneys' Fees [**Doc. 39**] and Chartis' Response in Opposition thereto [**Doc. 40**] pursuant to the terms of the Standing Order previously entered.

The Court further directs the Clerk to transmit a copy of this written opinion and order to the Magistrate Judge, counsel of record and any unrepresented party.

ENTERED: April 23, 2020



Frank W. Volk
United States District Judge